**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

HOME DESIGN SERVICES INC,

    Plaintiff,

vs.                                         CASE NO.: 4:08-CV-355-SPM/WCS

TURNER HERITAGE HOMES INC, et al.,

    Defendants.

_____/

## ORDER DENYING MOTION TO EXCLUDE EVIDENCE

**THIS CAUSE** comes before the Court upon the Defendants' Motion to Exclude Evidence Filed in Opposition to Defendants' Motion for Summary Judgment (doc. 172) and the Plaintiff's Response in Opposition (doc. 188). In this motion, Defendants seek to exclude portions of an affidavit of the Plaintiff's corporate representative, James Zirkel, and three exhibits which were attached thereto and submitted together in response to the Defendants' Motion for Summary Judgment (doc. 146). For the reasons expressed herein, the Defendants' Motion to Exclude will be denied.

I. Background

This is a copyright infringement action alleging that Defendants copied one of the Plaintiff's home plans, the HDS-2089. Shortly before the close of

discovery, which was to be completed on or before October 7, 2009, Plaintiff located and produced a new mailing list. In light of the mailing list, Defendants requested a second deposition of James Zirkel, which was ordered by the Magistrate Judge to be held on November 9, 2009. In the interim, on October 26, 2009, Defendants filed a Motion for Summary Judgment. Thereafter, but prior to the second deposition of James Zirkel on November 9, 2009, Plaintiff produced new documents. These documents were ultimately attached, along with the aforementioned mailing list, as exhibits to an affidavit (doc. 156, exhibit A) of James Zirkel, filed in opposition to the Motion for Summary Judgment on the evening of November 9, 2009, following Zirkel's deposition.

II. Analysis

In support of the Motion to Exclude, Defendants argue that paragraphs of Zirkel's affidavit and the Exhibits attached thereto (Exhibit 1 is a receipt from a trade show providing that Defendant Douglas Turner of Defendant Turner Heritage Homes purchased a book of Plaintiff's plans, Exhibit 2 consists of portions of a book of Plaintiff's plans available at said trade show, and Exhibit 3 is the PK Marketing mailing list which provides a listing for Defendant DouglasTurner and a predecessor company of Defendant Turner Heritage Homes) should be excluded because of the failure of Plaintiff to comply with the Court's discovery Order, because the mailing list and some of the statements made in the affidavit cannot be authenticated, and because of Zirkel's changing testimony from his depositions to the statements expressed in the affidavit.

As the failure to comply with the Court's discovery Order, which required timely production of documents and information within the discovery period,

applies to all of the Exhibits, this issue will be disposed of first. Plaintiff states that the delays in the production of documents were due to the Plaintiff's relocation of its offices, resulting in boxes of materials being moved. When the evidence contained in the Exhibits came to light, Plaintiff states that it made such evidence available to the Defendants immediately. The duty of the Court is to elicit the truth, and the exclusion of evidence on the basis of untimely production is a severe remedy which is only warranted upon a showing of bad faith on the part of the Plaintiff and prejudice to the Defendants. In the present case, there is no indication that the Plaintiff deliberately withheld relevant information from the Defendants or that the Plaintiff failed to provide information to the Defendants once such information became available to it. Additionally, it must be noted that all of the evidence contained in the Exhibits was provided to the Defendants prior (albeit shortly prior) to their second deposition of Plaintiff's corporate representative, James Zirkel. Should the Defendants still have suffered any prejudice as a result of the Plaintiff's late production, the appropriate response would be to request additional time for discovery or follow-up depositions regarding the new evidence.

Next, Defendants argue that paragraphs of Zirkel's affidavit should be excluded as speculative conjecture or unauthenticated hearsay and that the PK Marketing contact list and other Exhibits should be excluded as unauthenticated hearsay. Federal Rule of Civil Procedure 56(e)(1) provides that "[a] supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matter stated. . . . The court may permit an affidavit to be supplemented or

opposed by depositions, answers to interrogatories, or additional affidavits." At the outset, it should be noted that James Zirkel, as corporate representative and President of the Plaintiff corporation, is competent to testify regarding Plaintiff's business practices, mailing lists, and publications. Moreover, the presence of Defendants on the mailing list and the existence of a receipt within the Plaintiff's records are within James Zirkel's personal knowledge, as a representative of the company who has had the opportunity to review the records and mailings and has knowledge of the company's business practices. The final factor to consider is whether the facts set forth in the affidavit, as well as the PK Marketing mailing list and other Exhibits attached to the affidavit, would be admissible in evidence pursuant to the business records exception to the hearsay rule, codified under Federal Rule of Evidence 803(6). "The plain language of Rule 803(6) permits the introduction of business records that would otherwise be inadmissible as hearsay evidence provided that 'the testimony of the custodian or other qualified witness' verifies the record-keeping procedure of the document in question and confirms that such document is created as part of normal business practice. Fed.R.Evid. 803(6)." United States v. Dickerson, 248 F.3d 1036, 1048 (11th Cir. 2001). "'It is not essential that the offering witness be the recorder or even be certain of who recorded the item. It is sufficient that the witness be able to identify the record as authentic and specify that it was made and preserved in the regular course of business.'" United States v. Atchley, 699 F.2d 1055, 1059 (11th Cir. 1983) (quoting United States v. Jones, 554 F.2d 251, 252 (5th Cir. 1977)). In the affidavit, James Zirkel avers that it was the business practice of the Plaintiff from the early 1990's to use the PK Marketing mailing list to send its publications

to builders. As the corporate representative of the Plaintiff, James Zirkel is competent to attest to the authenticity of the mailing list and to the manner in which the Plaintiff made use of the list in the regular course of its business. Moreover, Exhibits 1 and 2 of the affidavit were created and maintained by the Plaintiff in the operation of its business, and James Zirkel is qualified to testify about and authenticate these documents as well. Therefore, the Exhibits attached to the affidavit and Zirkel's statements in reference thereto should not be excluded.

Lastly, Defendant's argue that statements contained in Zirkel's affidavit should be excluded because they conflict with Zirkel's prior testimony in depositions. As the affidavit pertains to recently discovered evidence, it is unsurprising that the affidavit varies from Zirkel's testimony from his March 13, 2009, deposition. However, should the case survive the Defendants' Motion for Summary Judgment, the Defendants will have ample opportunity to examine Mr. Zirkel regarding any inconsistencies between his deposition testimony and the affidavit.

Accordingly, it is

**ORDERED AND ADJUDGED** that the Motion to Exclude Evidence (doc. 172) is hereby *denied*.

**DONE AND ORDERED** this twenty-eighth day of December, 2009.

*s/ Stephan P. Mickle*
Stephan P. Mickle
Chief United States District Judge