**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**HOME DESIGN SERVICES INC,**

      **Plaintiff,**

vs.                          **CASE NO.: 4:08-CV-355-SPM/WCS**

**TURNER HERITAGE HOMES INC, et al.,**

      **Defendants.**

_____/

## ORDER GRANTING IN PART AND DENYING IN PART
## MOTION TO EXCLUDE EXPERT REPORTS

**THIS CAUSE** comes before the Court upon the Plaintiff's Motion to Exclude Defendants' Expert Reports (doc. 178) and the Defendants' Response in Opposition (doc. 193). As expressed below, the Motion to Exclude will be granted in part and denied in part.

Plaintiff moves to exclude the expert reports of architect Robert Koch, on the grounds that the reports are based on unreliable methodology and contain improper legal opinions. "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the

testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702. The Supreme Court has counseled that as it relates to Rule 702, a trial court should ensure that the "expert's testimony rests on a reliable foundation and is relevant to the task at hand." Daubert v. Merrill Dow Pharm., Inc., 509 U.S. 579, 597 (1993); see also Elsayed Mukhtar v. Cal. State Univ., Heyward, 299 F.3d 1053, 1063 (9th Cir. 2002) (courts have a "special obligation" to ensure that expert testimony is reliable and relevant). In Daubert, the Court replaced the prior "general acceptance" test, reasoning that the previous standard would conflict with the overall liberal posture of the Federal Rules regarding admissibility of evidence. Id. at 588 (citing Beech Aircraft Corp. v. Rainey, 488 U.S. 153, 169 (1988)). The Daubert court enumerated a number of factors that should be considered when deciding whether to admit expert testimony, including whether the expert's theory or technique 1) can be tested, 2) has been subjected to peer review, 3) possesses an error rate which is known, and 4) has been generally accepted in the scientific community. Id. at 592-95; see also Kumho Tire Co. Ltd v. Carmichael, 526 U.S. 137 (noting that Daubert's considerations are not limited to scientific expert testimony, nor are they exhaustive).

  Upon consideration, the Court finds that Mr. Koch is a qualified architectural expert and that, by and large, his reports reflect his opinions regarding the pervasiveness and commonality of design elements of the design plans at issue in the case, and are based on reliable principles and his experience as an architect. Therefore, the Court denies that Plaintiff's challenge

to the reports based on inadequate methodology.

However, the Court finds that certain passages of Mr. Koch's expert rebuttal report contain inappropriate legal analysis and conclusions and must be excluded. District courts possess broad discretion regarding whether to admit expert testimony, and the decisions to admit such testimony, despite challenges that the testimony contained legal opinions, have routinely been upheld, so long as there was an adequate opportunity for cross-examination and proper instruction of the jury by the court on the relevant issues of law. *See, e.g.*, United States v. Gold, 743 F.2d 800 (11th Cir. 1984); United States v. Herring, 955 F.2d 703 (11th Cir. 1992). However, "the court must be the jury's only source of law." Montgomery v. Aetna Cas. & Sur. Co., 898 F.2d 1537, 1541 (11th Cir. 1990). "It is the duty of the court, not of any witness, to explain the law to the jury." FedEx Ground Package System, Inc. v. Applications Intern. Corp., 695 F.Supp.2d 216, 221 (W.D. Pa. 2010). "[T]he District Court must ensure that an expert does not testify as to the governing law of the case." Berckeley Inv. Group, Ltd. v. Colkitt, 455 F.3d 195, 217 (3d Cir.2006).

The Court acknowledges that copyright infringement cases involve important "mixed questions" of law and fact, and that a qualified expert should be allowed to present to the jury his interpretation of material facts bearing on the applicability and effect of the copyright laws. For instance, "[e]xpert testimony showing substantial or striking similarity between the [works] in question is crucial to proving objective substantial similarity, an element of copying." Chiate v. Morris, 972 F.2d 1337, 5 (9th Cir. 1992). However, several paragraphs of Mr. Koch's rebuttal report exceed this lenient standard of admissibility, by purporting

to interpret that Eleventh Circuit Court of Appeals' opinion in <u>Intervest Const., Inc. v. Canterbury Estate Homes, Inc.</u>, 554 F.3d 914 (11th Cir. 2008). Particularly, the Court finds the statement that "[t]he referenced ruling found dissimilarities as or [sic] more important than the similarities[,]" presents the danger of misleading the jury. As, via this statement and other similar statements, the rebuttal report assumes the role of the Court in explaining the governing legal principles to the jury, paragraphs two, three, and four of the second page, and bulleted paragraph two of the third page of the expert rebuttal report of architect Robert A. Koch must be excluded.

**DONE AND ORDERED** this <u>fifth</u> day of August, 2010.

*s/ Stephan P. Mickle*
Stephan P. Mickle
Chief United States District Judge