IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

HOME DESIGN SERVICES, INC.,

    Plaintiff,

v.                                     CASE NO. 4:08-cv-355-MCR-GRJ

TURNER HERITAGE HOMES, INC.,
et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

    This matter is before the Court on ECF No. 472, Defendants' Renewed Motion for Fees and Full Costs Under L.R. 54.1. Plaintiff filed a response, ECF No. 473, and therefore the motion is ripe for review. For the reasons explained below, it is recommended that Defendants' motion for fees and full costs be granted.

**I. BACKGROUND**

    Plaintiff Home Design Services, Inc. ("Home Design"), a residential design firm that sells house plans, initiated this case in August 2008 against Defendants ("Turner"), alleging copyright infringement of an architectural home design, "HDS-2089," of which Home Design is the creator and original owner. According to Home Design, two of Turner's

design plans—the Laurent and the Dakota—are slightly modified copies of HDS-2089. Turner constructed 165 homes over the course of eight years using those two designs, all of which allegedly infringe on HDS-2089. As a result, Home Design requested actual damages and any profits Turner received from the infringement. Alternatively, Home Design asked for statutory damages of up to $150,000 from each infringer for each act of infringement.

Both Home Design and Turner moved for summary judgment (ECF Nos. 146, 149), and Judge Mickle denied both motions in March 2010. (ECF No. 224.) In relevant part, the Court found

> In the present case, while there is an abundance of small differences in areas of protectable expression, including the heights of walls, placement of windows, and the number of doors in some entryways, there are also myriad similarities in areas of protectable expression, including the arrangement and location of rooms, the unusual angle of the kitchen sink, the placement of the master bedroom and garage, and the common foyer at the entrance between the living and dining rooms. As a result of these many differences and many similarities in the areas of protectable expression, the Court is unable to conclude that, as a matter of law, no reasonable jury could find the works to be or not to be substantially or even strikingly similar.

(*Id.* at 10.)

The case proceeded to trial before Chief Judge Casey Rodgers in

March 2014. At the close of Home Design's case-in-chief, Turner moved for judgment as a matter of law, which the Court took under advisement. Home Design later moved for judgment as a matter of law regarding damages. (ECF No. 407.) The jury returned a verdict in favor of Home Design, finding that the infringing home designs were substantially similar to HDS-2089. The jury also awarded Home Design $127,760 in actual damages, and no lost profits.  (ECF No. 414.)

The parties then renewed their motions for judgment as a matter of law and filed briefs in support of their positions. (ECF Nos. 407, 427, 429.) Turner argued that no reasonable juror could have found that their designs were substantially similar to HDS-2089. The Court granted Turner's motion for judgment as a matter of law in part, finding that the jury's verdict on infringement must be overturned. (ECF No. 442.)

In granting Turner's motion, the Court principally relied upon *Intervest Construction, Inc. v. Canterbury Estate Homes, Inc.*, 554 F.3d 914 (11th Cir. 2008). Comparing the designs at issue in this case with those in *Intervest* (where the Eleventh Circuit found no infringement of architectural plans) the Court noted that many of the same dissimilarities in *Intervest* existed in the designs in this case.  Although the Court acknowledged that the general layouts were similar, the Court found the dissimilarities were

dispositve, citing the substantial dissimilarities between the HDS-2089 and the Laurent as identified by Turner's expert. The Court concluded that no jury properly following the Court's instructions could reasonably find Turner's designs substantially similar to HDS-2089 based on the dissimilarities between the plans at the level of protected expression.

Following the Court's order, Turner moved for attorney's fees and full costs. (ECF No. 444.) Home Design, however, appealed the case to the Eleventh Circuit, arguing that a reasonable jury could and did find Turner's designs were substantially similar to HDS-2089. (ECF No. 468.) While the case was on appeal, the Court denied Turner's motion for fees and full costs without prejudice, stating that Turner should renew their motion following the Eleventh Circuit's issuance of a mandate. (ECF No. 462.)

On appeal, the Eleventh Circuit affirmed. The Eleventh Circuit also found *Intervest* controlling, stating that because "the same sorts of differences indicated no infringement in *Intervest*, the same result follows in this case as well." The Eleventh Circuit concluded that there was no infringement. (ECF No. 468.)

Following the appeal, Turner filed the instant renewed motion for fees and full costs. (ECF No. 472.)

## II. DISCUSSION

The Copyright Act governs Turner's motion for fees and full costs. Section 505 of the Copyright Act provides,

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the Untied States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505.

Although the statute dictates that fees and costs are awarded in the trial court's discretion, most courts have observed that "they are the rule rather than the exception and should be awarded routinely." *Dream Custom Homes, Inc. v. Modern Day Constr., Inc.*, No. 8:08-cv-1189-T-17AEP, 2011 WL 7764999, at *5 (M.D. Fla. July 12, 2011). Notably, in awarding fees under § 505 courts are required to treat prevailing plaintiffs and prevailing defendants the same. *Fogerty v. Fantasy*, *Inc.*, 510 U.S. 517, 523 (1986). Prevailing defendants are treated the same because "defendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement." *Fogerty*, 510 U.S. at 527.

When determining whether a party is entitled to attorney's fees under § 505, courts "should consider . . . whether the imposition of fees will further the goals of the Copyright Act." *MiTek Holdings, Inc. v. Arce Eng'g Co.*, 198 F.3d 840, 842 (11th Cir. 1999). This means that courts should award fees to "encourag[e] the raising of objectively reasonable claims and defenses, which may serve not only to deter infringement but also to ensure 'the boundaries of copyright law [are] demarcated as clearly as possible' in order to maximize the public exposure to valuable work." *Id.* at 842–43 (quoting *Fogerty*, 510 U.S. at 526–27).

The Eleventh Circuit has made clear that "the only preconditions to an award of fees is that the party receiving the fee be the 'prevailing party' and that the fee be reasonable." *Original Appalachian Artworks, Inc. v. Toy Loft, Inc.*, 684 F.2d 821, 832 (11th Cir. 1982). The Supreme Court has identified certain factors that can be used to guide the Court's discretionary determination of whether to award fees and costs: "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty*, 510 U.S. at 535 n.19 (quoting *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 156 (3d Cir. 1986)).

There is no dispute that Turner is the prevailing party in this case because the Court granted its motion for judgment as a matter of law. The Court, therefore, will turn to the list of nonexclusive factors identified in *Fogerty* to determine whether Turner is entitled to reasonable fees.

**A. Frivolousness**

With regard to whether Home Design's claims were frivolous courts have found that a copyright claim is frivolous when the plaintiff claiming infringement "does not even own the copyright in question or has granted a license to the alleged infringer but sues for infringement nonetheless." *Dream Custom Homes, Inc.*, 2011 WL 7764999, at *7; *see also Amadasun v. Dreamworks, LLC*, 359 F. Supp. 2d 1367, 1373 (N.D. Ga. 2005) (finding plaintiff's position frivolous when he brought a copyright infringement claim despite the fact that he did not own copyrights to some of the works).

In this case Plaintiff's claims cannot be characterized as frivolous. Home Design offered evidence that HDS-2089 was an original design, making their copyright of HDS-2089 valid. Specifically, James Zirkel, Home Design's chief executive officer, testified that he created HDS-2089 without relying on prior similar designs. (ECF No. 442 at 17.)  On appeal, the Eleventh Circuit acknowledged this by stating "[i]t is undisputed on appeal that Home Design owns a valid copyright to HDS-2089." (ECF No. 468 at

11.)

The Eleventh Circuit, however, has found that "a showing of . . . frivolity is not a precondition to awarding attorneys' fees." *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 853 (11th Cir. 1990). Therefore, Turner is not foreclosed from an award of fees under § 505 even though Home Design's case cannot be characterized as frivolous.

**B. Motivation**

While not dispositive of the Court's determination that Turner is entitled to award of attorney's fees, Home Design's motivation in bringing this case against Turner is questionable. The Eleventh Circuit has said that "[w]hile [a party's] good faith and the complexity of the legal issues involved likely would justify a denial of fees to a successful [party], a showing of bad faith or frivolity is not a requirement of a grant of fees." *Original Appalachian Artworks, Inc.*, 684 F.2d at 832. Additionally, "good faith in bringing . . . suit [i]s not determinative of the issue of attorney's fees." *MiTek Holdings, Inc.*, 198 F.3d at 842. Although not determinative, Home Design's motivation is a factor to consider in determining whether Turner is entitled to fees and costs.

In this case Home Design was motivated in bringing this case, at

least in part, by commercial gain. According to Turner, Home Design has a long history of bringing copyright claims of this sort and has sued over 90 homebuilders, deriving a significant portion of its income from such litigation. Further, Home Design alleged that 165 homes infringed the HDS-2089 design—a design asserted in other copyright claims by Home Design since it is one of the more generic layouts. Curiously, Home Design did not bring this suit prior to the construction of the 165 homes but rather after the homes already were built.

Because Home Design waited until after the construction of the 165 allegedly infringing homes, its claim for damages was increased significantly thus suggesting that a large damage award may have been the motivation for filing this action. Although Turner served an offer of judgment of $100,000, Home Design sought actual damages of roughly $200,000 and approximately $7,500,000 in profits that Turner received from building the 165 allegedly infringing homes. With a claim for damages that high, Turner was forced to litigate this copyright case despite the fact that Turner concluded none of its profits could be attributed to any alleged infringement.[1]

---

[1] Notably, when this case was sent to the jury, the jury found that Home Design was only entitled to $127,000 in damages.

While the Court does not go so far as to say Home Design brought this suit in bad faith, it is not a stretch to conclude that the delay in bringing suit until after the construction of 165 homes was a course of action focused more on recovery of a large damage award rather than solely to "vindicate copyright protection for one if [sic] its most popular home designs." (ECF No. 473 at 1.)

**C. Objective Reasonableness**

Turning to the objective reasonableness of Home Design's copyright infringement claims the Supreme Court has held that courts "should give substantial weight to the objective reasonableness of the losing party's position." *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1983 (2016). Appropriately, courts maintain "discretion . . . to make an award even when the losing party advanced a reasonable claim or defense." *Id.*

Notably, "not all unsuccessful litigated claims are objectively unreasonable." *CK Co. v. Burger King Corp.*, No. 92 Civ. 1488(CSH), 1995 WL 29488, at *1 (S.D.N.Y. Jan. 26, 1995). In addressing whether a claim was objectively unreasonable, some courts have said that the court "must consider not how many times in the litigation at issue the presiding court rejected a non-prevailing party's legal position, but rather, the clarity of the law with respect to the losing party's position at the time that the losing

party pressed its argument." *Luken v. Int'l Yacht Council, Ltd.*, 581 F. Supp. 2d 1226, 1240 (S.D. Fla. 2008). Further, courts should consider whether the claim is "clearly without merit or otherwise patently devoid of legal or factual basis." *Penguin Books U.S.A., Inc. v. New Christian Church of Full Endeavor, LTD*, No. 96 Civ. 4126(RWS), 2004 WL 728878, at *3 (S.D.N.Y. Apr. 6, 2004).

Despite Judge Mickle's previous ruling on the motions for summary judgment and the jury's verdict in favor of Home Design, the Court's ruling on Turner's motion for judgment as a matter of law—affirmed on appeal by the Eleventh Circuit—evidences that Home Design's claims of infringement were objectively unreasonable. Under the Federal Rules of Civil Procedure, a court should grant judgment as a matter of law "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). Under this standard the Court's ruling on the motion for judgment as a matter of law sheds light on the objective reasonableness of the party's arguments.

In ruling on Turner's motion, the Court determined that the appropriate standard to establish copyright infringement of architectural plans required Home Design to show that the protect able elements of

HDS-2089 were substantially similar to the allegedly infringing designs, noting that "modest dissimilarities [in the respective coordination and arrangement of common elements] are more significant than they may be in other types of art works." (ECF No. 442 at 12) (citing *Miller's Ale House, Inc. v. Boyton Carolina Ale House, LLC*, 702 F.3d 1312, 1326 (11th Cir. 2012); *Intervest Constr., Inc.,* 554 F.3d at 918). The principal reason the Court granted judgment as a matter of law was because this case was very similar to and controlled by *Intervest*. The Court noted that "[i]n *Intervest*, the Eleventh Circuit examined a set of floor plans similar to the floor plans at issue in this case, and found that the architectural works at issue were not substantially similar as a matter of law due to numerous, subtle differences in the plans' otherwise standard architectural features." (ECF No. 442 at 12) (citing *Intervest*, 554 F.3d at 921).

In comparing the plans in this case with the plans in *Intervest*, the Court found there were many of the same dissimilarities.[2] Additionally, while the Court found that the general layout between HDS-2089 and the

---

[2] The Court cited the "substantial differences" between the plans as identified by Tuner's expert, Robert Koch. Notably, he found that these differences were attributable to Turner's "traditional" design as compared to the more "modern" design of HDS-2089. The first of these differences cited by the Court was that "[t]he entire elevation of the Laurent is different," which was followed by eighteen additional differences. These other differences included things such as different porches, different doors and windows in the master bedrooms, different fireplace locations, "totally different" configurations of master bathrooms, different dimensions of secondary bedrooms, and different ceiling heights. (ECF No. 442 at 5–7, 13–14.)

Turner designs were similar[3]—as was the case in the designs at issue in *Intervest*—the Court found that the dissimilarities between the plans in this case were dispositive using the appropriate standard for copyright infringement of architectural designs described in *Intervest*. (ECF No. 442 at 13, 15.)

Based on the substantial dissimilarities between the plans in this case and the controlling law in *Intervest*, the Court concluded that "no jury following the Court's instructions on the law could reasonably find the Laurent and Dakota designs *substantially* similar to HDS-2089 given the amount of significant dissimilarities at the level of protected expression." (ECF No. 442 at 15.)

In affirming the Court's ruling the Eleventh Circuit relied upon *Intervest* stating :

> In light of the constraints imposed by a four–three split style, the differences between HDS-2089 and the Turner plans demonstrate the absence of copyright infringement. The differences between HDS-2089 and the Turner plans are differences in dimensions, wall placement, and the presence, arrangement, and function of particular features around the house. Because the same sorts of differences indicated no infringement in *Intervest*, that result follows in this case as well.

(ECF No. 468 at 23) (citing *Intervest*, 554 F.3d at 916–18).

---

[3] The Eleventh Circuit on appeal stated that "this is only because both sets of plans follow the customary four–three split style, as well as the attendant industry standards." (ECF No. 468 at 21.)

Because there were significant differences between the plans in this case and because those same differences in *Intervest*, supported a finding of no infringement, Home Design should have been well aware that claiming Turner's plans infringed upon HDS-2089 was objectively unreasonable. Despite Home Design's awareness of the differences between the plans[4] Home Design chose to advance an objectively unreasonable position.  Rather than applying the legal standard set out in *Intervest*—which requires substantial similarity at the level of protected expression—Home Design ignored any of the protect able elements in HDS-2089 and instead improperly focused its theory of the case on the overall similarity of the designs.

Although the Eleventh Circuit's decision in *Intervest* defined the boundaries of the law regarding copyright infringement of architectural plans Home Design ignored it. While it may be somewhat understandable that Home Design ignored the *Intervest* standards when it filed the case—because this case was filed before the Eleventh Circuit decided *Intervest*—Home Design, nonetheless, pressed forward for another six

---

[4] Specifically, Home Design's expert Kevin Alter stated that there were "modest differences" between the designs, and James Zirkel, Home Design's chief executive officer, even conceded that there were nearly twenty differences between the plans, including different placements of fireplaces and different orientations of the water closets. (ECF No. 442 at 4.)

years after *Intervest* had clearly staked out the boundaries of copyright law as applied to architectural plans. Ignoring *Intervest* under the circumstances of this case was unreasonable because the plans in this case contained the same sorts of dissimilarities that were dispositive in a finding of no infringement in *Intervest*. Accordingly, because this case is so similar to *Intervest*, Home Design reasonably should have concluded that due to the significant dissimilarities at the level of protected expression between the plans in this case and HDS-2089 it was objectively unreasonable to press forward with the claims in this case.

The Court's determination that Home Design's theory in this case was objectively unreasonable is not altered by the fact that Judge Mickle denied motions for summary judgment and the jury returned a verdict in Home Design's favor. As the Eleventh Circuit appropriately pointed out on appeal, "All the jury's verdict in favor of Home Design shows is that the jury reached an unsupportable result. . . . And the district court's change of heart between summary judgment and judgment as a matter of law is equally irrelevant." (ECF No. 468 at 25.) In the end, the Court without great difficulty found that no reasonable jury could find that the Turner plans infringed upon HDS-2089.

Home Design should have been guided by *Intervest*. Had it done so

Home Design easily would have realized that it did not have an objectively reasonable claim of copyright infringement based upon the many differences between their plan and Turner's plans.

Ultimately, Home Design should have been aware that despite the similarities in the overall layout between HDS-2089 and Turner's designs, the significant differences between them—as mirrored in *Intervest*—would result in a finding of no copyright infringement. *See Medallion Homes Gulf Coast, Inc. v. Tivoli Homes of Sarasota, Inc.*, No. 8:14-cv-3117-T-33JSS, 2016 WL 5870215 (M.D. Fla. Oct. 7, 2016) (finding the claims objectively unreasonable where plaintiff should have been aware of binding standard in *Intervest* that made clear there was no infringement based on the differences in the plans and where the court found that no reasonable fact finder could determine that infringement occurred). Therefore, the Court concludes that in light of *Intervest*, Home Design's infringement claims were objectively unreasonable.

**D. Need to Advance Considerations of Compensation and Deterrence**

Lastly, the Court is required to weigh the need to advance considerations of compensation and deterrence in awarding fees and costs. The Eleventh Circuit has stated that "the district court should consider not whether the losing party can afford to pay the fees but

whether the imposition of fees will further the goals of the Copyright Act." *MiTek Holdings, Inc.*, 198 F.3d at 842. Courts should award fees to "encourag[e] the raising of objectively reasonable claims and defenses, which may serve not only to deter infringement but also to ensure that the boundaries of copyright law are demarcated as clearly as possible in order to maximize the public exposure to valuable works." *Id.* at 843.

"Thus, a party that successfully prevails over unreasonable or bad faith arguments should be awarded its fees and costs to promote enforcement and demarcation of the Copyright Act, and conversely, a party that asserts unreasonable or bad faith arguments should be deterred from doing so by paying the fees and costs the prevailing party incurred." *Oravec v. Sunny Isles Luxury Ventures L.C.*, No. 04-22780-CIV, 2010 WL 1302914, at *8 (S.D. Fla. Mar. 31, 2010). If the claims are reasonable and made in good faith, however, a party should not be deterred from making them simply because the party was ultimately unsuccessful. *Id.*

As discussed above Home Design's claims of copy infringement were objectively unreasonable based on *Intervest*. An award of fees in this case will deter Home Design and others from bringing a claim of copyright infringement, like the one in this case, when there are substantial differences between their work and the alleged infringer's work that would

result in a finding of no infringement. *See Medallion Homes Gulf Coast, Inc.*, 2016 WL 5870215; *Dream Custom Homes*, 2011 WL 7764999. Awarding fees to Turner will also help to deter others from asserting other unreasonable or bad faith arguments because they will be forced to pay the fees and costs to the prevailing party.

Importantly, awarding fees to Turner will encourage defendants (like Turner) to defend against objectively unreasonable claims rather than being forced to settle the claims. "When the prevailing party is the defendant, who by definition receives not a small award but no award, the presumption in favor of awarding fees is very strong. Without the prospect of such an award the party might be forced into a nuisance settlement or deterred altogether from exercising his rights." *Diamond Star Bldg. Corp. v. Freed*, 30 F.3d 503, 506 (4th Cir. 1994). Turner was the prevailing party and yet received no award, making the presumption of awarding fees strong in their favor.

Because Home Design's claims were objectively unreasonable, Turner should be compensated for the resources expended to defend against Home Design's claims of copyright infringement and their request

for damages. An award of fees will also help promote enforcement and demarcation of the Copyright Act, which is only possible if parties, like Turner, have an incentive to defend against objectively unreasonable claims. Accordingly, the Court concludes that an award of fees and costs in this case will advance the interests of compensation and deterrence and ultimately will serve the purpose of the Copyright Act.

### III.  RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that:

1. Defendants' Renewed Motion for Fees and Full Costs Under L.R. 54.1, ECF No. 472, should be **GRANTED**.

2. This case should be recommitted to the undersigned for the purpose of determining the amount of fees and costs to be awarded.

**IN CHAMBERS** this 26th day of July 2017.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the**

**magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**