**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

HOME DESIGN SERVICES, INC.

       Plaintiff,

    vs.

TURNER HERITAGE HOMES, INC.;
FREDERICK E. TURNER; DOUGLAS E.
TURNER;  SUMMERBROOK HOMES, INC.;
GREENFIELD HOMES, INC.; EMERALD
HOMES, INC.; WAKULLA BUILDERS, INC.;
WAKULLA BUILDERS, LLC; CREEKSIDE
HOMES, INC.; TURNER HERITAGE HOMES
OF DESTIN, LLC;  NORTHSIDE HOMES, LLC;
ASHTON BUILDERS, LLC;  FREEPORT
BUILDERS, LLC; SOUTH COUNTY HOMES,
LLC; VISION COAST HOMES, LLC; and
EASTON BUILDERS, INC.,

       Defendants.

**Case No: 4:08-cv-00355-MCR-GRJ**

**MEMORANDUM TO ASSESS REASONABLE ATTORNEYS' FEES**

Defendants hereby file this brief seeking the assessment of attorneys' fees in the amount of $556,296.30[1] and costs in the amount of $48,663.48 against Plaintiff Home Design Services, Inc. ("HDS"), pursuant to this Court's Orders (Dkt. Nos. 476, 479, 480).

**I.**    **FACTUAL BACKGROUND**

As this Court is well-aware, this matter was a heavily contested copyright infringement case spanning nearly eight years. Defendants previously filed a bill of costs (Docket No. 445), to which HDS filed objections (Docket No. 460) and Defendants filed

---

[1] This total includes $554,743.80 and $1,552.50 in fees charged by Mr. Angell, who prepared a fee affidavit for this filing.

a response thereto (Docket No. 461). Recently, Magistrate Jones issued a report and recommendation granting Defendants' Renewed Motion for Fees and Full costs (Docket No. 476), which was adopted over HDS's objections by the Court (Docket No. 479).

Having found Defendants are entitled to an award of reasonable fees and full costs, Defendants now seek the Court determine the amount of fees and costs reasonably expended in this case. In seeking a determination of the costs to be awarded in this case, Defendants rely on the bill of costs and the arguments related thereto at Docket Numbers 445 and 461. The reasonable fees in this action can be determined as follows:

## II.    <u>REASONABLE HOURLY RATES</u>

The first step in determining the amount of fees is to arrive at a reasonable hourly rate. *Duckworth v. Whisenant*, 97 F.3d 1393 (11th Cir. 1996). A reasonable hourly rate is considered the prevailing market rate in the relevant legal community for similar services provided by lawyers of reasonably comparable skills, experience, and reputation. *Duckworth*, at 1396. Courts generally look to the experience and reputation of similarly-situated lawyers within the community. *Id.*

Defendants' counsel is seeking an average hourly rate of $200-250/hour for Shareholders; approximately $150-200/hour for Associates; and $85-95 for paralegal time. Based on the long-standing relationship between the lawyers and the insurer involved in this case, these rates reflect a significant discount of $100-$200/hour and are well below the normal hourly rate in the community for intellectual property counsel. *See*, Exhibit A, Declaration of Brian R. Gilchrist; Exhibit B, Declaration of Fee Expert Derek Angell, Esq.; and Exhibit C, Excerpt from *Report of Economic Survey*, AIPLA

(2017). A description of each attorney's experience is found on their resumes, which are an attachment to the Gilchrist Declaration.

## III.   REASONABLE NUMBER OF HOURS

Once reasonable hourly rates are established, the next step is to determine the reasonable number of hours expended. *See Duckworth*, at 1397. To determine the appropriate number of hours expended, reasonableness is also the standard. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Norman v. Housing Authority of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988). The determination of reasonableness is left to the discretion of the Court, but if the Court disallows hours, it must explain which hours are disallowed and show why an award of those hours would be improper. *Norman* at 1301, 1304; *Perkins v. Mobile Housing Bd.*, 847 F.2d 735, 738 (11th Cir. 1998). A fee opponent must be reasonably precise in any objections. *Norman*, 836 F.2d at 1301; *Gray v. Lockheed Aeronautical Systems Co.,* 125 F.3d 1387 (11th Cir. 1997) (a fee opponent's failure to explain exactly which hours he views as unnecessary or duplicative is generally viewed as fatal). Efforts of paralegals are recoverable to the "extent that the paralegal performs work traditionally done by an attorney." *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988).

In this case, Defendants contend the reasonable number of attorney hours incurred was 2290.75 and reasonable number of paralegal hours was 419.7. (Exhibit A) The time spent on this case is broken down as follows:

| Name | Hours | Rate | Fees Billed |
|---|---|---|---|
| Brian R. Gilchrist, Esq. | 403.3 | $250 | $100,825.00 |
| Jeffrey S. Boyles | 1252.1 | $225 | $281,722.50 |
| Ryan T. Santurri | 428.4 | $225 | $95,100[2] |
| Allison R. Imber | 61.25 | $200 | $12,250.00 |
| David W. Magana | 85.2 | $195 | $16,614.00 |
| James E. Malphurs | 36.3 | $150 | $3,840.30[3] |
| Tricia M. Wozniak | 19.4 | $150 | $3,880.00[4] |
| Jaafar Choufani | 4.8 | $200 | $960.00 |
| Attorney Total: | 2290.75 | | $515,191.80 |
| | | | |
| Shelley Hotz | 380.2 | $95.00 | $35,919.50[5] |
| Nelly MacDonald | 27.5 | $95.00 | $2,612.50 |
| Marianne Cartee | 12.0 | $85.00 | $1,020.00 |
| Paralegal Total: | 419.7 | | $39,552.00 |
| Total: | 2710.45 | | $554,743.80 |

## IV.    LODESTAR ANALYSIS

In order to arrive at the amount of the award, the Court multiplies the number of hours spent on the litigation by the reasonable hourly rate. *Hensley*, 461 U.S. at 433. This approach, known as the lodestar approach, "provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Id.* While the starting point in fashioning an award of attorneys' fees is to multiply the number of hours reasonably expended by the reasonable hourly rate, the product may then be adjusted based upon other considerations which include the results obtained and the quality of representation. *Duckworth*, 97 F.3d at 1396; *Norman*, 836 F.2d at 1301.

---

[2] Certain entries were discounted, leading to a lower calculated rate/lower dollar total.
[3] Certain entries were discounted, leading to a lower calculated rate/lower dollar total.
[4] Certain entries were discounted, leading to a lower calculated rate/lower dollar total.
[5] Certain entries were discounted, leading to a lower calculated rate/lower dollar total.

The factors set forth in Rule 4-1.5(b) of the Florida Rules of Professional Responsibility should also be considered. The Rule provides:

(b)     <u>Factors to be considered in determining a reasonable fee</u>.

Factors to be considered as guides in determining a reasonable fee include:

1.      The time and labor required, the novelty, complexity, and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

2.      The likelihood that the acceptance of the particular employment would preclude other employment by the lawyer;

3.      The fee, or rate of fee, customarily charged in the locality where legal services of a comparable or similar nature;

4.      The significance of, or amount involved in, the subject matter of the representation, the responsibility involved in the representation, and the results obtained;

5.      The time limitations imposed by the client or by the circumstances and, as between attorney and client, any additional or special time demands or requests by the attorney by the client;

6.      The nature and length of the professional relationship with the client;

7.      The experience, reputation, diligence and ability of the lawyer or lawyers performing the service and the skill, expertise, or efficiency of effort reflected in the actual providing of such services; and

8.      Whether the fee is fixed or contingent, and if fixed, as to the amount of rate, then whether the client's ability to pay is arrested to any significant degree on the outcome of the representation.

Rule 4-1.5(b).

As to Factor 1, this was a complex case which was aggressively pursued by HDS. The claims require a sophisticated legal team with experience in copyright litigation,

5

capable of analyzing complex legal theories. HDS named over a dozen defendants and asserted its claims against more than 150 different homes. During the litigation, HDS demanded in excess of $40 million dollars in damages. There were multiple discovery disputes along the way, increasing the time and expense of the litigation. HDS, a prolific plaintiff, has a slew of prior deposition testimony from other cases involving the same or similar copyrighted works that needed to be reviewed and analyzed. In fact, two depositions presented at trial (William Silliman/Michael Sopoliga) were conducted in different HDS lawsuits, evidencing the importance of surveying HDS's testimony in other cases. Lengthy motions for summary judgment and *Daubert* motions were filed. The parties geared up for trial in January 2010 and completed many of the pretrial filings such as verdict forms and jury instructions. (Doc. Nos. 212/215.) After several continuances of trial, the case was reassigned to Chief Judge Rodgers. (Doc. No. 317.) Turner subsequently filed a suggestion of bankruptcy, which delayed the trial again. Once the Court found the case ready to proceed to trial, the parties reassessed the pretrial filings previously prepared and submitted new pretrial filings. (Doc. No. 359.)

The complexity of this case and the requisite skill to perform the legal services properly would suggest both a higher than average hourly rate and a larger number of hours. As to Factor 2, it is well known that by agreeing to devote the time and resources necessary to present a broad-ranging copyright case to a jury, counsel is precluded from undertaking other similar cases at the same time. Factors 3 and 7 are addressed in Exhibits A and B. Factor 4 also supports a higher than average hourly rate and a large number of hours – the results obtained for Turner were outstanding, given early demands

6

in excess of $40 million, and HDS's request for over $7 million from the jury at trial. Factor 5 is not an issue here. Factor 6 also weighs in favor of finding the fees to be reasonable, as the Allen, Dyer law firm significantly reduced its rates by virtue of the long standing relationship with Turner's insurer. Factor 8 is neutral, the fee was neither fixed nor contingent.

The significance of the case and the results obtained all argue for rates and hours that would be considered high in the context of more routine matters. The experience, reputation, diligence, and ability of the lawyer or lawyers performing the service should likewise argue for higher than normal hourly rates. The Allen, Dyer law firm is recognized as one of the top intellectual property law firms in the State of Florida and the experience and reputation of counsel should argue for a higher than average hourly rate. With that said, there is no doubt the hourly rate falls well below the average hourly rate for intellectual property counsel. Each of the factors set forth in Rule 4-1.5(b) fully supports the fees requested by Turner in this case.

## V.    <u>CONCLUSION</u>

Based upon the factors set forth by the Supreme Court and the Rules of Professional Responsibility, Turner requests to be awarded the sum of $554,743.80; together with fees for fee expert of $1,552.50, costs in the amount of $48,663.48, for a total of $604,959.78.

Respectfully submitted September 25, 2017.

/s/Brian R. Gilchrist
Brian R. Gilchrist, FL Bar # 774065
bgilchrist@allendyer.com
Jeffrey S. Boyles, FL Bar #722308
jboyles@allendyer.com
Ryan T. Santurri, FL Bar #015698
rsanturri@allendyer.com
ALLEN, DYER, DOPPELT + GILCHRIST, P.A.
255 South Orange Avenue, Suite 1401
Post Office Box 3791
Orlando, Florida  32802-3791
Telephone: (407) 841-2330
Facsimile: (407) 841-2343

Counsel for Defendants
Turner Heritage Homes, Inc., et al.

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2017, the foregoing was submitted for filing to the Clerk of the District Court by using the Case Management/Electronic Case Filing ("CM/ECF") system, which will send a Notice of Electronic Filing to the following CM/ECF participants:

Jon D. Parrish, Esquire
jonparrish@napleslaw.us
Kirt R. Posthuma, Esquire
kirtposthuma@napleslaw.us
David Fraser, Esquire
davidfraser@napleslaw.us
Parrish, Lawhon & Yarnell, P.A.
3431 Pine Ridge Road, Suite 101
Naples, Florida 34109
Telephone:  239-566-2013
Facsimile:  239-566-9561

/s/ Brian R. Gilchrist
Brian R. Gilchrist, FL Bar #774065

8