# Exhibit B

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

HOME DESIGN SERVICES, INC.

    Plaintiff,

vs.

TURNER HERITAGE HOMES, INC.;
FREDERICK E. TURNER; DOUGLAS E.
TURNER;  SUMMERBROOK HOMES, INC.;
GREENFIELD HOMES, INC.; EMERALD
HOMES, INC.; WAKULLA BUILDERS, INC.;
WAKULLA BUILDERS, LLC; CREEKSIDE
HOMES, INC.; TURNER HERITAGE HOMES
OF DESTIN, LLC;  NORTHSIDE HOMES, LLC;
ASHTON BUILDERS, LLC;  FREEPORT
BUILDERS, LLC; SOUTH COUNTY HOMES,
LLC; VISION COAST HOMES, LLC; and
EASTON BUILDERS, INC.,

    Defendants.

Case No: 4:08-cv-00355-MCR/CAS

### AFFIDAVIT OF DEREK J. ANGELL, ESQ. REGARDING REASONABLENESS OF ATTORNEYS' FEES

STATE OF FLORIDA

COUNTY OF ORANGE

    BEFORE ME, the undersigned authority appeared DEREK J. ANGELL, who after first being duly sworn, deposes and says as follows:

    1.    My name is Derek J. Angell. I am over the age of majority and competent to testify as to the matters contained herein. The facts set forth in this affidavit are within my personal knowledge, unless otherwise indicated.

    2.    I am an attorney engaged in the practice of law in Florida and have extensive experience litigating in state and federal courts. I have first or second chaired twelve civil trials

1

and have had primary or sole responsibility for dozens of state and federal appeals. I received a Bachelor of Science in Building Construction from the University of Florida in 2006 and a Juris Doctorate from the University of San Francisco in 2009. I became a member of the Florida Bar in 2009 and have continuously practiced law in Florida since that time. I am a Florida Bar Board Certified Specialist in Appellate Practice.

3.      I am currently a non-equity partner with the law firm of O'Connor & O'Connor, LLC in Winter Park, Florida. I am admitted to practice before all Florida state courts, all Florida federal District Courts, and the United States Court of Appeals for the Eleventh Circuit. I am in good standing with all of those Courts and have never been subject to professional disciplinary proceedings of any kind.

4.      I have extensive experience in federal litigation, including three civil jury trials through verdict and five Eleventh Circuit appeals among numerous other civil matters for both plaintiffs and defendants. I am familiar with the time and effort involved in the prosecution and defense of disputes in federal court.

5.      I have an informed opinion as to prevailing market rates in the U.S. District Court for the Northern District of Florida for similar services by lawyers of reasonably comparable skills, experience and reputation of the attorneys at Allen, Dyer, Doppelt & Gilchrist, P.A. ("Allen Dyer").

6.      I have also reviewed the experience and qualifications of the various attorneys at Allen Dyer involved in defending the claims in this litigation. Because of the lengthy proceeding, I understand that certain of the attorneys and staff involved in this case are no longer with Allen Dyer. I have been provided and have reviewed publicly available LinkedIn profiles of the attorneys no longer with the firm.

7.     The curricula vitae of the three primary attorneys who handled this matter, Mr. Gilchrist, Mr. Boyles, and Mr. Santurri, are very impressive. All possess excellent academic credentials and enjoy extensive experience in intellectual property law. Mr. Gilchrist and Mr. Santurri are both Florida Bar Board Certified Specialists in Intellectual Property Law, a distinction achieved through rigorous proficiency testing, reference-checking, and ethical scrutiny.

8.     I am familiar with federal law regarding considerations applicable in determining a lodestar fee. *See, e.g., ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999). I am also aware that "[w]hat a lawyer charges his fee-paying clients 'is powerful, and perhaps the best, evidence of his market rate.'" *Valley v. Ocean Sky Limo*, 72 F. Supp. 3d 1321, 1328 (S.D. Fla. 2015) (citing *Dillard v. City of Greensboro*, 213 F.3d 1347, 1354-55 (11th Cir. 2000)).

9.     Based on my familiarity with the prevailing market rate in northern and central Florida and applicable law, as indicated above, I believe that a reasonable market hourly rate for partners in intellectual property law ranges between $325 and $550 per hour. I believe that a reasonable "market" hourly rate for associates in intellectual property law ranges between $225 and $350 per hour. The prevailing hourly rate for paralegals with experience in intellectual property law is $85 to $200. I have also reviewed the most recent American Intellectual Property Law Association Report of Economic Survey 2017, which provides the average billing rate of intellectual property attorneys throughout the country by region. Notably, the average hourly billing rate in the 2017 survey for intellectual property partners in the non-metro Southeast, including the Northern District of Florida, is $384/hour, while the average hourly rate for associates in the region is $300/hour.

3

10. I have reviewed Affidavit of Brian R. Gilchrist which is to be filed with this Court in support of Defendants' request for attorneys' fees. I have reviewed the Court filings available on Pacer, which were lengthy and spanned numerous years. I have also reviewed the Eleventh Circuit briefs filed in this case, and the subsequent opinion, to ascertain the key legal issues that arose, though I understand that the fees generated on appeal are not a part of the present fee request. My review has familiarized me with the complexity of litigation, the extent of risk posed to Allen Dyer's clients, and the significant discovery and investigative work involved in this case.

11. The trial transcript reveals that Plaintiff argued that its burden was to establish gross revenue, which was over $40M. (TT, 538:1-8.) Plaintiff argued to the Jury that it was entitled to $216,830 in actual damages (TT 1369:13-16) and entitlement to profits of over $7.7M (TT, 1370:8-16.). It is my belief, based on my experience as noted above, that the level of activity spent was reasonable considering the complexity of the case and the large risk exposure to Allen Dyer's clients.

12. Based upon the information I have reviewed, I believe the case was efficiently handled given the complexity of the matters involved. It is notable that the litigation lasted over nine years, with starts and stops throughout. There were numerous depositions, significant motion practice, related bankruptcy proceedings, and more than one trial setting which required necessary preparation.

13. I have reviewed timesheets generated by Allen Dyer and confirmed that the hours expended are reasonable for the case. Notably, the timesheets only reflect those entries that Allen Dyer's client's insurance carrier, Mid-Continent Casualty Company ("MCC"), actually paid. I am familiar with the bill-paying practices of the liability insurance industry, including the

specific practices of MCC, and know that carriers, including MCC, routinely audit their attorneys' bills to remove duplicative, administrative, secretarial, and other time spent on "non-attorney" tasks. Moreover, certain time entries were billed at a $0.00 rate as a courtesy. Therefore, the compensation requested actually seeks less than the real-world time spent by Allen Dyer's attorneys and paralegals in defending the case. Nor do the timesheets do seek compensation for administrative or secretarial-level tasks. I believe the hours claimed by the attorneys and paralegals, as reflected in Mr. Gilchrist's affidavit, are reasonable.

14. Additionally, the hourly rates for the time billed by the Allen Dyer firm fall well below the reasonable market rate and the AIPLA average rate. It is not uncommon for law firms to charge repeat clients, such as MCC in this matter, less than their normal rates given the expectation of future business. Accordingly, Allen Dyer's hourly rates of $225-$250 for partners, $150-$200 for associates, and $85-$95 for paralegals are imminently reasonable.

15. As a result, based upon my experience and the information I have reviewed in this matter, I am of the opinion that the fee award sought of $554,743.80, is fair, appropriate, and reasonable.

16. I am billing MCC $225 per hour for my services in this case. As of the date of this affidavit, I have incurred 6.9 hours investigating, reviewing, and researching the information contained in this affidavit.

FURTHER AFFIANT SAYETH NAUGHT

//
//
//
//
//
//

I hereby declare under penalty of perjury of the laws of the United States of America that the forgoing is true and correct.

_____
DEREK J. ANGELL

The foregoing instrument was signed and sworn to before me this 25th day of September, 2017, by Derek J. Angell.

_____
Signature of Notary

PRINT, TYPE OR STAMP NAME OF NOTARY

    Personally known ✓
OR Produced Identification _____

Type of Identification Produced _____



ELIZABETH UNROE
MY COMMISSION # FF 199509
EXPIRES: March 20, 2019
Bonded Thru Notary Public Underwriters

6